# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**MYRON OTIS THOMAS**                                                                 **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 1:09CV-P169-M**

**STEVEN L. BESHEAR et al.**                                                          **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Myron Otis Thomas, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff, a prisoner, sues in their official capacities Governor Steven Beshear; Commissioner of the Kentucky Department of Corrections (KDOC), LaDonna Thompson; and KDOC Deputy Commissioner Rodney Ballard. He also sues in her individual and official capacities Caroline W. Mudd, chairperson of the Parole Board. He states that overcrowded conditions in the prisons violate his and other prisoners' constitutional rights. He further states that in December 2008 the Parole Board reviewed his case and decided that he had to serve out his sentence. He alleges that Defendant Mudd violated his due process rights in that he was not allowed to represent himself at the hearing and that correspondence from Defendant Mudd resulted in the denial of reconsideration. He also alleges that the Parole Board was required to have four, not three, members. Plaintiff asks for monetary and punitive damages and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Claims against state officials***

Plaintiff's claims against Defendants in their official capacities are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's claims for money damages from these state officers in their official capacities fail to allege cognizable claims under § 1983. Moreover, Defendants are immune from monetary damages under the Eleventh Amendment. *See id.* The Court will dismiss the

claims for monetary relief pursuant to §§ 1915A(b)(1) and (b)(2).

Plaintiff's claims for injunctive relief against the Defendants Beshear, Thompson, and Ballard also must be dismissed. Under *Ex parte Young*, 209 U.S. 123 (1908), he must seek prospective injunctive relief from a state officer, not the state itself.

*Individual-capacity claims against Defendant Mudd*

Judicial immunity has been extended to parole officers, administrative law judges, and parole board members in the performance of their duties when those duties are judicial in nature. *See Loggins v. Franklin County, Ohio*, 218 F. App'x 466, 476 (6th Cir. 2007). Thus, the claims against Defendant Mudd in her individual capacity for damages must be dismissed because she is entitled to absolute immunity for the exercise of her decision-making powers in parole cases. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (citing *Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir. 1990)); *accord Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 751 (9th Cir. 2009).

Additionally, Plaintiff fails to state a due-process claim against Defendant Mudd concerning his parole hearing. To establish a procedural due process violation, a petitioner must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a

parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

The Commonwealth of Kentucky has not created a liberty interest in parole. *See* Ky. Rev. Stat. § 439.340(1). Instead, Kentucky considers the grant of parole a matter of "grace or gift" to persons deemed eligible for reasons found by the Parole Board. *See Lynch v. Wingo*, 425 S.W.2d 573, 574 (Ky. 1968). Where the parole decision is discretionary, as in Kentucky, it does not implicate the same due process considerations as are required when a prisoner has been granted conditional liberty which is then rescinded. *See Van Curen v. Jago*, 641 F.2d 411, 416 (6th Cir.), *rev'd on other grounds*, 454 U.S. 14 (1981). Thus, Plaintiff's claim for injunctive relief against Defendant Mudd in her individual capacity also must be dismissed.

### III. CONCLUSION

By separate Order, the Court will dismiss Plaintiff's claims.

Date:

cc: Plaintiff, *pro se*
 Defendants

4414.009

4